IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Casi Fisher, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | No.   14 C 8547 |
| Phillips & Cohen Associates, Ltd., a New Jersey corporation, | ) ) ) ) | |
|     Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Casi Fisher, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Casi Fisher ("Fisher"), is a citizen of the State of Georgia, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed for a Citibank credit card account, despite the fact that she had exercised her rights under the FDCPA to refuse to pay that debt and be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Phillips & Cohen Associates, Ltd. ("P&C"), is a New Jersey corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. P&C operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant P&C was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

5. Defendant P&C is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant conducts business in Illinois.

6. Defendant P&C is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Department of Professional Regulation, attached as Exhibit B. In fact, Defendant acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. Ms. Fisher is a widow and senior citizen, with limited assets and income, who fell behind on paying her bills, including one she allegedly owed for a Citibank credit card account. When P&C began trying to collect this debt from Ms. Fisher by calling and writing to her, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant P&C's collection actions.

8. Accordingly, on October 20, 2014, one of Ms. Fisher's attorneys at LASPD

informed P&C, in writing at 1:20 p.m. (CST), that Ms. Fisher was represented by counsel, and directed P&C to cease contacting her, and to cease all further collection activities because Ms. Fisher was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, Defendant P&C called Ms. Fisher directly, including, but not limited to, a telephone call on October 21, 2014 at 5:43 p.m. (EST), attempting to collect the debt.

10. Accordingly, on October 22, 2014, one of Ms. Fisher's LASPD attorneys had to write to Defendant P&C again to demand that it cease communications and cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Defendant P&C's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant P&C's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they

3

refuse to pay.  See, 15 U.S.C. § 1692c(c).

15.     Here, the letter from Ms. Fisher's, agent/attorney, LASPD, told Defendant P&C to cease communications and cease collections (Exhibit C).  By continuing to communicate regarding this debt and demanding payment, Defendant P&C violated § 1692c(c) of the FDCPA.

16.     Defendant P&C's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17.     Plaintiff adopts and realleges ¶¶ 1-12.

18.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

19.     Defendant P&C knew that Ms. Fisher was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit C), that she was represented by counsel, and had directed Defendant P&C to cease directly communicating with her.  By directly calling Ms. Fisher, despite being advised that she was represented by counsel, Defendant P&C violated § 1692c(a)(2) of the FDCPA.

20.     Defendant P&C's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15

U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Casi Fisher, prays that this Court:

1. Find that Defendant P&C's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Fisher, and against Defendant P&C, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Casi Fisher, demands trial by jury.

Casi Fisher,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: October 29, 2014

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com